UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALPHONSO TARODD TANNER,

    Plaintiff,

v.                                                Case No. 3:24cv78-LC-HTC

SGT. FRENCH, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Alphonso Tarodd Tanner, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, alleging the Secretary of the Florida Department of Corrections ("FDOC") and multiple other FDOC officials were involved in a "hit for hire" plot to kill him.[1] Doc. 1 at 16. Plaintiff did not pay the $405.00 filing fee but, instead, filed a motion to proceed *in forma pauperis* ("IFP").[2] Doc. 2. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g), because Plaintiff is a three-striker barred from proceeding IFP who failed to pay the filing

---

[1] This is the third time Plaintiff is attempting to prosecute these same claims in this Court. As noted below, both of his prior cases were dismissed at screening.
[2] Plaintiff also filed motions to appoint counsel and for preliminary injunction. However, for the reasons set forth herein, those should be denied as moot.

fee upon initiating this action and who has also failed to truthfully disclose his litigation history.

## I. THREE-STRIKER STATUS

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding IFP under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Plaintiff is a three-striker, as he has brought at least three federal actions that were dismissed for failure to state a claim, as malicious, or as frivolous: (1) *Tanner v. French, et al.*, No. 3:21-cv-04644-MCR-ZCB (N.D. Fla. July 28, 2022), which was Plaintiff's first case based on the allegations in the present action and which was dismissed as malicious for failure to truthfully disclose Plaintiff's litigation history; (2) *Tanner v. Wood, et al.*, No. 3:12-cv-01268-MMH-MCR (M.D. Fla. December 3, 2012), which was dismissed as frivolous; and (3) *Tanner v. Credle*, No. 6:06-cv-00552-ACC-JGG (M.D. Fla. May 25, 2006), which was dismissed for failure to state a claim. All three cases bear Plaintiff's name, which is uncommon, as well as his FDOC inmate number, X05549, with which he identified himself on the present complaint, Doc. 1 at 1. Indeed, Plaintiff disclosed two of these cases in the "Prior Litigation" section of the complaint. *See id.* at 23.

Moreover, just last year, this Court dismissed an action filed by Plaintiff, containing the same allegations as those asserted in this action, because Plaintiff was "a three-striker barred from proceeding IFP" who had not shown he was in imminent danger of serious physical injury.[3] *See Tanner v. French*, No. 3:23-cv-00545-LC-ZCB, Docs 4 & 6. Plaintiff's present complaint again fails to make such a showing.

---

[3] Although Plaintiff disclosed this case on the complaint form, he described the dismissal as being for "failure to pay filing fee," omitting the fact that he was deemed a three-striker and ineligible to file IFP.

Case No. 3:24cv78-LC-HTC

As in the prior case, Plaintiff's allegations that Defendants plotted to kill him relate solely to threats and conduct that occurred in the past, sometime between August 2020 and September 2021. Doc. 1 at 10–15. Complaints about past threats are insufficient to meet the imminent danger exception to section 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); *see generally Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (finding the word "imminent" in the statute to indicate congressional intent to prevent only "impending harms, not those harms that had already occurred"), *cert. denied*, 533 U.S. 953 (2001).

Plaintiff fails to "identify any presently occurring circumstance to suggest that h[e] [faces] possible danger or potential danger" now. *Daker v. Ward*, 999 F.3d 1300, 1306 (11th Cir. 2021). Although Plaintiff claims that on May 13, 2021, Warden Neel told him, "your [sic] a dead man walking, no matter were [sic] you go you gonna die," Doc. 1 a 13, this statement is too vague, too speculative, and too far removed from the present to qualify as an imminent threat. *See Davis v. Stephens*, 589 F. App'x 295, 296 (5th Cir. 2015) ("allegation that [plaintiff] might be seriously injured at an indefinite point in the future . . . is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times); *see also, e.g.*,

*Wilson v. Guerin*, 2021 WL 2006295, at *2 (M.D. La. May 19, 2021) (defendant's statement that he "will kill [plaintiff]" was not indicative of imminent danger).

Regardless, Plaintiff is no longer housed at any of the institutions where he claims the Defendants placed a "hit" on him, nor are any of the Defendants alleged to be working at his present institution, Charlotte CI. Doc. 1 at 3–7, 10–15. *See, e.g.*, *Niebla v. Moring*, No. 3:07CV417/MCR/MD, 2007 WL 3283778, at *1 (N.D. Fla. Nov. 2, 2007) (holding that plaintiff was not entitled to proceed IFP because the complaint reflected he was no longer incarcerated at the institution where defendant was employed, and therefore, not under any imminent threat).

Because Plaintiff's allegations do not show he is in imminent danger of serious physical injury at Charlotte CI, he is precluded from proceeding IFP and his complaint should be dismissed under § 1915(g) for failing to pay the filing fee with the initiation of this action. *See Dupree*, 284 F.3d at 1236.

## II. FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, Plaintiff also failed to truthfully disclose his litigation history on the complaint form he submitted to the Court. That form asked him to identify any federal cases he filed previously which (1) were dismissed prior to service—including, specifically, any cases that count as "strikes," or (2) either challenged Plaintiff's conviction or otherwise related to his

conditions of confinement. *See* Doc. 1 at 22–27. Although Plaintiff disclosed several cases within each of these categories, he omitted multiple others.

Significantly, Plaintiff failed to disclose one of his strikes, namely *Tanner v. Credle*, No. 6:06-cv-00552-ACC-JGG (M.D. Fla. May 25, 2006). Likewise, he did not disclose *Tanner v. Secretary, Department of Corrections*, No. 6:24-cv-00186-CEM-RMN (M.D. Fla. Feb. 7, 2024), and *Tanner v. Secretary, Department of Corrections, et al.*, No. 6:12-cv-01912-CEH-GJK (M.D. Fla. Jan. 2, 2013), both of which were unauthorized successive habeas corpus petitions and subject to disclosure not only because they challenged a state-court conviction but also for being dismissed prior to service. Finally, Plaintiff omitted two habeas appeals, which were subject to disclosure on the same grounds: (1) *Tanner v. Secretary Department of Corrections, et al.*, No. 11-11018 (11th Cir. Mar. 30, 2011) (dismissed voluntarily); and (2) *Tanner v. Secretary Department of Corrections, et al.*, No. 13-14201 (11th Cir. Oct. 15, 2013) (dismissed for want of prosecution).

Despite these omissions, Plaintiff signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, ***including my litigation history***, is true and correct." *Id.* at 27–28. Plaintiff's failure to truthfully disclose his complete litigation history is a malicious abuse of the judicial process which warrants dismissal. *See, e.g.*, *Ealy v. CCA*, 5:15-cv-305-MMP-EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh

Case No. 3:24cv78-LC-HTC

Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). As stated in an order of dismissal for failure to disclose by one of this District's judges, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as frivolous and malicious because Plaintiff knows he is a three-striker who must pay the full filing fee and failed to do so and, also, because Plaintiff failed to truthfully disclose his litigation history.

2. That all pending motions be DENIED as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of February, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.